[No. 5030.]
[No. 2584 C. A.]

### Frazier v. Shoup.

**Conveyances—Action to Set Aside—Fraud—Appellate Practice.**
    A judgment of the trial court setting aside a deed as having been procured through fraud and undue influence will not be reversed where the findings of the trial court were made upon conflicting evidence and where there is sufficient evidence to support the findings.

*Appeal from the District Court of Chaffee County:
Hon. M. S. Bailey, Judge.*

Mr. John G. Taylor and Messrs. Wells, Thompson & Chiles, for appellant.

Messrs. Schoolfield & Chamberlin and Mr. A. R. Miller, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court.

This was an action by appellee, Margaret Shoup, to set aside a deed made by her to appellant, Kate Frazier. After a trial to the court and its findings for appellee a decree was entered granting the relief prayed, to review which is this appeal.

The court found that Margaret Shoup was the owner in fee of certain real estate; that while she was such owner, appellant, "being the trusted and confidential friend and business agent and adviser of" appellee, "in violation or her trust, and by fraud and undue influence and oppression did unjustly and unlawfully induce" appellee "to execute and deliver to her (appellant) a warranty deed" to said real estate; that the purpose of appellant in procuring the deed was to cheat and defraud appellee; that appellee at the time she was so fraudulently imposed upon by appellant "was old and illiterate, infirm in mind and body and mentally incapable of intelligently attending to business or protecting her financial interests."

It is urged by appellant that the evidence was insufficient to sustain such findings and the consequent decree.

It would serve no useful purpose to set out the evidence in detail. It must suffice to say that the evidence for the appellee, if credited, sustained the findings of the trial court, while the evidence for appellant, if believed, sustained her defense of a traverse of the matters charged in the complaint, and by the findings of the trial court declared to be true.

This question of credibility was for the trial court. It had advantages for passing upon the evidence this court has not. Among the aids it possessed was having before it and hearing the testimony of

the aged appellee, whom the lower court found to be "infirm in mind and body and mentally incapable of intelligently attending to business or protecting her financial interests." It also heard the testimony of the appellant to the entire transaction, and at the conclusion of the evidence in the case found that "the purpose of appellant in procuring the deed was to cheat and defraud appellee."

There was evidence to support the findings of the trial court. By these we are bound. The findings justified the decree.

We do not understand that it is seriously contended that any error was committed in the disallowance of the counterclaim of appellee. There was no error, however, in such disallowance, and the judgment should be affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.